UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY A. WILLIS, <br> Plaintiff <br> v. <br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br> Defendant. | Case No. 2:15-cv-718-GJS <br><br> **MEMORANDUM, OPINION, AND ORDER** |

## INTRODUCTION

This social security benefits case raises one narrow issue: did the administrative law judge (ALJ) err by concluding that Willis did not suffer from a listed impairment? Because the answer is "No," the Court affirms the Commissioner's determination that Willis is not disabled.

## PROCEDURAL HISTORY

Willis filed applications for disability insurance benefits and supplemental security income payments on October 18, 2011. [Admin. Rec. ("AR") 159-68.] Willis claimed that, as of June 1, 2007, a screw in her left leg caused problems walking and standing. [AR 182; *see also* AR 101.] The state agency denied the applications on January 26, 2012. [AR 101-06.] Thereafter, ALJ Joseph P. Lisiecki

III held hearings on November 15, 2012 and April 2, 2013.[1] [AR 42, 57.] Willis was unrepresented at the first hearing and was represented by counsel in the second one. [AR 42, 57.] On April 11, 2013, the ALJ issued a written opinion concluding that Willis was not disabled within the meaning of the Social Security Act. [AR 26-35.] Willis appealed to the Appeals Council, who denied review. [AR 6, 14.] This case followed.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Even if Willis shows the ALJ committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)). And "[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." *McLeod v. Astrue,* 640 F.3d 881, 887 (9th Cir. 2011).

---

[1] The Court commends the ALJ on seeking to protect Willis's interests by continuing the hearing and urging Willis to obtain counsel because of the initial lack of medical evidence in the record. [AR 51-52.]

That said, the burden of showing harm is still low. "Where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate." *Id.* at 888. Courts have "affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006). In sum, "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' and … 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (quoting *Stout*, 454 F.3d at 1055-56).

To determine whether an error was harmless, this Court may consider "the likelihood that the result would have been different" and "the impact of the error on the public perception of such proceedings." *Ludwig,* 681 F .3d at 1054. It may not, however, "appl[y] harmless error in a way that affirm[s] the agency on a ground not invoked by the ALJ." *Marsh*, 792 F.3d at 1172. Ultimately, "[t]he nature of [the] application [of the harmless error doctrine] is fact-intensive—'no presumptions operate' and '[the Court] must analyze harmlessness is light of the circumstances of the case.'" *Id.* (quoting *Molina,* 674 F.3d at 1121).

**DISCUSSION**

Applying the five-step sequential evaluation process, the ALJ found that Willis was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).[2] At Step

---

[2] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.

3

Two, the ALJ concluded that Willis suffered from the "following severe impairments: status post-surgery to the left hip, with insertion of [a] screw that is slipping; degenerative disc disease of the lumbar and cervical spine; depression; and anxiety (20 CFR 404.1520(c) and 416.920(c))." [AR 28.]  At Step Three, the ALJ concluded that Willis's conditions satisfied neither Listing 1.02 nor Listing 1.04. [AR 28-29.]

Willis's sole argument for reversal is that the ALJ did not consider Listing 1.03. If Willis suffers from a listed impairment, "'[s]he is presumed unable to work and is awarded benefits without a determination whether [s]he actually can perform [her] own prior work or other work.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).  Accordingly, "[l]isted impairments are purposefully set at a high level of severity because the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary."  [*Id.*]  Willis "bears the burden of proving that ... she has an impairment that meets or equals the criteria of an impairment listed in Appendix 1 of the Commissioner's regulations." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (internal quotation marks omitted).

Willis's claim fails for at least two reasons.  First, Willis has not made a plausible case that Listing 1.03 applies.  Listing 1.03 requires Willis to demonstrate

---

20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows:  (1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two; (2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings")?  If so, the claimant is found disabled.  If not, proceed to step four; (4) Is the claimant capable of performing her past work?  If so, the claimant is found not disabled.  If not, proceed to step five; (5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.  20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

that she underwent "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." Willis points to no evidence in the record demonstrating that she had reconstructive surgery or surgicial arthrodesis, so the ALJ had no reason to consider, let alone apply, the listing.

Recognizing this basic defect, Willis now argues that her "impairments are therefore equal in severity to that in listing 1.03." [Dkt. 21 ("Pl.'s Br.") at 7.] It is true that "[i]f a claimant's impairment does not meet the criteria specified in the listings, he or she is still disabled if the impairment"—or, as in Willis's case, multiple impairments— equals a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(d) & 404.1526(a)). But "[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013) (quoting *Burch*, 400 F.3d at 683). Here, Willis does not even attempt to explain how her hip surgery—which involved inserting a screw [AR 304]—was equivalent to reconstructive surgery or surgical arthrodesis. Nor did Willis's counsel make such an argument at the second hearing, though she asked the ALJ to consider other listed impairments. [AR 59 (arguing that Willis "would meet listing 1.02A")]; *see Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("We now hold that, at least when Plaintiffs are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.") (quoted in *Phillips v. Colvin*, 593 Fed. App'x 683, 684 (9th Cir. Feb. 13, 2015)). Accordingly, the ALJ had no evidence from which to conclude equivalence existed.

Second, even assuming Willis could make a plausible claim to impairment under Listing 1.03, the ALJ's lack of consideration is harmless error. When concluding that Listing 1.02 does not apply, the ALJ was "not persuaded that the claimant is unable to ambulate effectively within the meaning of 1.00B2b." [AR 30.] Willis does not challenge that determination as lacking substantial evidence. Yet, to qualify for Listing 1.03, Willis must show that she had an "inability to ambulate effectively, as defined in 1.00B2b[.]" Because the ALJ found that element lacking—a conclusion that Willis does not appear to contest, any remand would be pointless because this Court can "confidently conclude that" the ALJ would not "have reached a different disability determination." *See Marsh*, 792 F.3d at 1173.[3]

---

[3] Even if Willis did contest the ALJ's finding, the Court would conclude that substantial evidence supported the ALJ's conclusion. Listing 1.00B2b requires a claimant to have insufficient ability "to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning **of both** upper extremities," such as "the inability to walk without the use of a walker, two crutches, or **two canes**." (Emphasis added). The ALJ relied on specific record evidence showing that Willis could ambulate at a level higher than the severity of Listing 1.00B2b , namely: (1) a consultative examination by Dr. Richard Pollis, an orthopedic surgeon in January 2012; (2) records from a February 2012 emergency room visit reflecting that Willis was "ambulatory"; and (3) a then-recent prescription for a cane and walker with seat. [AR 30 (citing AR 278, 279, 294, 296).] The ALJ found that the walker was "probably beneficial to the claimant in allowing her to ambulate for longer periods with less discomfort," but did not meet the high threshold of Listing 1.00B2b. [AR 30.] Taken together, these records constitute substantial evidence that Willis did not qualify under Listing 1.00B2b.

Moreover, Willis's argument that the ALJ found at "enumerated item 5 that claimant requires a walker for ambulation" is misleading. [Pl.'s Br. at 6.] The ALJ's **complete** conclusion was that "the claimant must be allowed to use a walker for ambulation **as needed**"—which is **consistent** with the ALJ's conclusion that Willis could ambulate. [AR 31 (emphasis added).]

## CONCLUSION

Notiwthstanding the outcome, the Court sympathizes with Willis. Her hip condition appears to be serious and painful, and her mobility is certainly limited. Nonetheless, her conditions are not so severe that they satisfy the "high level of severity" demanded by Listing 1.03. *See Kennedy*, 738 F.3d at 1176.

For the foregoing reasons, **IT IS ORDERED** that Judgment be entered in favor of the Commissioner.

**IT IS HEREBY ORDERED.**

DATED: December 11, 2015   _____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE